Matter of Flowers v Martuscello

2026 NY Slip Op 02504

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ANTHONY FLOWERS, PETITIONER-APPELLANT,

v

DANIEL F. MARTUSCELLO, III, COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

88 CA 25-00114

Present: Curran, J.P., Ogden, Greenwood, And Hannah, JJ.

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR PETITIONER-APPELLANT.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT-RESPONDENT.

Appeal from a judgment of the Supreme Court, Wyoming County (Melissa Lightcap Cianfrini, A.J.), entered January 7, 2025, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

[*1]

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking to annul the determination of the Parole Board denying him parole release. We conclude that " '[t]his appeal must be dismissed as moot because the determination expired during the pendency of this appeal, and the Parole Board denied petitioner's subsequent request for parole release' " (Matter of Porter v Annucci, 148 AD3d 1779, 1779 [4th Dept 2017]). The exception to the mootness doctrine does not apply here (see Matter of Bethea v Annucci, 151 AD3d 1674, 1675 [4th Dept 2017]; Matter of Brunner v Speckard, 214 AD2d 1040, 1040 [4th Dept 1995], lv denied 86 NY2d 707 [1995]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court